Kimmel & Silverman, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, New Jersey 08003
Telephone: 856-429-8334
Attorney of Record: Amy Bennecoff (AB0891)
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RUSSELL LEONE, | ) |
| Plaintiff, | ) ) |
| v. | ) **Case No.:** |
| PORTFOLIO RECOVERY ASSOCIATES, | ) **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendant. | ) **(Unlawful Debt Collection Practices)** |

## COMPLAINT

RUSSELL LEONE ("Plaintiff" or "Mr. Leone"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PORTFOLIO RECOVERY ASSOCIATES ("Defendant" or "Portfolio"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court

without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of New Jersey and, therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in North Brunswick, New Jersey.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with corporate headquarters located at 120 Corporate Boulevard, Norfolk, Virginia, 23502.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff, related to a personal credit card issued by First Financial Credit Union.

11. The debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

12. As Plaintiff owes no business debt, the debt could have only been personal in nature.

13. Between March and June of 2012, Defendant engaged in wrongful debt

collection activities, seeking payment from Plaintiff.

14. Defendant's harassing debt collection calls originated from numbers including, but not limited to (757) 961-3544. The undersigned has confirmed that this number belongs to the Defendant.

15. On numerous occasions, Defendant's collectors, including but not limited to a collector only known as "Laurie" (phonetic), called Mr. Leone at least two times per day.

16. Defendant would call Plaintiff's cellular telephone during hours when she worked at her place of employment.

17. Mr. Leone objected to Defendant's calls to his cell phone and found them distracting, unwanted and harassing.

18. Plaintiff is a delivery driver and is not lawfully permitted to speak on his cellular telephone while operating a motor vehicle. However, Plaintiff does maintain the phone "on" in case of emergency.

19. Mr. Leone explained to Defendant's collectors to only contact him after 5:00 p.m. as he did not want to be distracted while driving, was not permitted from receiving calls by his employer and was not lawfully permitted to be using the cellular phone while driving.

20. Defendant continued to call Plaintiff by dialing his cellular telephone during work hours, without regard that Plaintiff was not permitted to answer the phone while driving.

21. Defendant's calls were upsetting as well as distracting.

22. The substance of the telephone calls did not vary, and the content clearly was intended to annoy and abuse Plaintiff until he agreed pay what Defendant sought to collect.

23. Defendant's actions as described herein were made with the intent to harass, upset, and coerce payment of a debt.

24. Defendant knew but did not care that its calls were in violation of state law, and were prohibited by his employer.

25. Defendant knew but did not care that Plaintiff had demanded the calls to stop.

26. Defendant knew but did not care, that every time it dialed Plaintiff, it would distract him from driving and impair the safety of Plaintiff and other drivers on the road.

**COUNT I**
**DEFENDANT VIOLATED**
**THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692c(a)(1)**

27. Section 1692c(a)(1) prohibits debt collectors from communicating with Plaintiff at any unusual time or place known, and the debt collector shall assume that the convenient time for communicating with a consumer if after 8:00 am and before 9:00 pm.

28. Defendant violated § 1692c(a)(1) of the FDCPA when it contacted Plaintiff while Plaintiff was working and with the knowledge that Mr. Leone is a delivery driver who cannot legally speak on his cellular telephone while he is driving.

**COUNT II**
**DEFENDANT VIOLATED**
**THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692d**

29. Section 1692d prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass oppress, or abuse any person in connection with the collection of a debt.

30. Defendant violated § 1692d when it caused Plaintiff's telephone to ring repeatedly, at least twice daily when it contacted Plaintiff while Plaintiff was working and with the knowledge that Mr. Leone is a delivery driver who cannot legally speak on his cellular

telephone while he is driving, and when it engaged in other harassing and abusive conduct.

## COUNT III
## DEFENDANT VIOLATED
## THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692d(5)

31.	Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

32.	Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

## COUNT IV
## DEFENDANT VIOLATED
## THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692f

33.	Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect an alleged debt.

34.	Defendant violated § 1692f of the FDCPA when it called Plaintiff repeatedly and continuously, when it called Plaintiff during his working hours with the knowledge Plaintiff cannot talk on his telephone while he was driving, and when it used other unfair and unconscionable means with Plaintiff to collect a debt.

## **CERTIFICATION PURSUANT TO L.CIV.R.11.2**

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

PLAINTIFF'S COMPLAINT

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, RUSSELL LEONE, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

    d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, RUSSELL LEONE, demands a jury trial in this case.

DATED: April 4, 2013

KIMMEL & SILVERMAN, P.C.

By: /s/ Amy L. Bennecoff
    Amy L. Bennecoff
    Attorney for Plaintiff
    Kimmel & Silverman, P.C.
    1930 East Marlton Pike, Suite Q29
    Cherry Hill, New Jersey 08003
    Phone: (856) 429-8334
    Fax: (877) 788-2864
    Email: abennecoff@creditlaw.com